Breitel, J. (concurring).
I agree that there should be a reversal and a hearing to determine whether defendant should be permitted to withdraw his plea of guilty but on a much narrower ground than that suggested by the Chief Judge.
The facts and circumstances are described in detail in the dissenting opinion. I agree with the dissenters that the trial court properly requested of defendant’s counsel that she investigate defendant’s claimed alibi defense. This was not a request to investigate on behalf of the court but in the interest of the defendant. A similar request to the prosecutor would hardly assure the defendant (or the court) of an inquiry most likely *283 to be favorable to the defendant. If defendant’s lawyer found the defense sustainable the course for her was indicated. If, on the other hand, it was not sustainable she could in effect stand mute as she in fact did.
Up to this point neither lawyer nor court indulged in any impropriety. Up to this point to have appointed still another lawyer (the present one was defendant’s third lawyer) would have been burdensome to all. Nor did the practice followed make the lawyer a witness, or the equivalent, or otherwise align her with the forces against defendant.
However, once the lawyer returned to court, unable to press defendant’s views as to his alibi defense, and it being evident from past and present conduct that defendant did not rely on his legal representation, it was incumbent on the court now to appoint new counsel and direct a hearing on defendant’s claims of an alibi defense in order to determine whether the plea of guilty should be permitted to be withdrawn (see, generally, People v. Nixon, 21 N Y 2d 338).
Significant in the circumstances too was defendant’s equivocal remark when he first took the plea of guilty, namely, that he was doing so ‘1 under the circumstances. ’ ’ When this remark was followed by persistent claims of innocence and the lawyer’s inability, for whatever reason, to carry representation of defendant further, a new lawyer was needed. But not before.
It would be most unfortunate if Judges could not, without fear of disqualifying defendants’ lawyers in criminal cases, ask them to consider, investigate, or explore facts or legal issues which might be of help to the defendant, and in many instances even to the court. Such requests should be permitted if they do not conflict with the proper interests of the client. True, this may carry the risk of the rare occasion, as occurred in this case, where the investigation develops an impasse between lawyer and client. At that time the assignment of new counsel, if the defendant wishes it, should be made.
Hence, my disagreement with the dissenters is limited. A hearing was required not because of anyone’s fault, but because defendant’s persisting claims of innocence required an airing in open court and because his lawyer could no longer represent him in pressing those claims. This result obtains not because the court asked the lawyer to investigate those claims, but *284 because, for some reason she never disclosed, she could not represent defendant in pressing them. (One may only speculate that she had found the claims of innocence baseless, but even so defendant was entitled to have his claims passed upon.)
Accordingly, I concur in reversal of the judgment and the ordering of a new hearing to determine whether defendant’s motion to withdraw his plea should be granted.